IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGIES CORP. | § |
| | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 1:22-cv-00824 |
| | § |
| v. | § |
| | § **JURY DEMANDED** |
| ATLASSIAN US, INC., | § |
| | § |
| Defendant. | § |

## ORIGINAL COMPLAINT

Plaintiff Align Technologies Corp. files this Complaint for damages and injunctive relief against Defendant Atlassian US, Inc., and in support thereof states as follows:

## PARTIES

1. Plaintiff Align Technologies Corp. ("Align") is a corporation organized under the laws of the state of Delaware, having its principal place of business at 4176 Canal Street, New Orleans, Louisiana, 70119.

2. On information and belief, Defendant Atlassian US, Inc. ("Atlassian") is a Delaware corporation with a principal place of business at 350 Bush Street, Fl. 13, San Francisco, CA 94104.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

3. Align brings this action under the Lanham Act, including 15 U.S.C. §§ 1114(a) and 1125(a) (Infringement, False Designation of Origin, and Unfair Competition); 15 U.S.C. § 1116 (Injunctive Relief); 15 U.S.C. § 1117 (Attorneys' Fees and Treble Damages); and Texas common law.

4. This Court thus has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over the Texas common law causes of action pursuant to 28 U.S.C. § 1367.

5. This Court has general and specific personal jurisdiction over Atlassian, as a result of Atlassian's maintenance of offices and substantial business in Texas, its continuous and systematic contacts in this state, its infringing conduct in this forum, and regularly deriving substantial revenue from goods and services provided to individuals in Texas and this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that Atlassian regularly conducts business in Texas, is deemed to reside in this District, and because a substantial part of the events giving rise to the acts complained of herein occurred in this District.

## STATEMENT OF FACTS

7. Align specializes in providing company goal tracking and communication software for use in connection with business management. Align is an innovator in developing software that allows its customers to implement good business growth habits, including creating a strategic plan, setting long and short-term executable goals that are tracked and measured through KPI and task-based priorities, and by establishing communication rhythms through daily and weekly collaboration. Such software helps to keep organizations and businesses focused on their most important strategic objectives and outcomes.

8. Align, directly and through its predecessor-in-interest, has continuously used the trade name and trademark ALIGN in commerce in connection with its business, products, and services since at least as early as 2012, including specifically in connection with its company goal-tracking and communication software and related services.

9. For many years, Align has devoted significant time, effort, and resources to develop, market and promote company goal-tracking and communication software and related services under and in connection with its Align trademark. As a result, Align has positioned itself as a market leader in providing its software and related services, all of which it has done under its ALIGN mark. The ALIGN mark is inherently distinctive and serves to identify and indicate the source of Align's goods and services to the consuming public.

10. The ALIGN mark is registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"). Align owns U.S. Reg. No. 6,234,390 for the ALIGN mark in connection with "providing temporary use of on-line non-downloadable software for use in the facilitation of productive conversations, namely, software for facilitating productive conversations between managers and employees and featuring templates for creating conversation guides, meeting agendas and recognition history reports." In addition, Align has filed an application to register its ALIGN mark (U.S. App. No. 97/155,099), which application remains pending at the USPTO.

11. Align brings this action in order to safeguard the goodwill and consumer recognition associated with its ALIGN trademark, trade name, and brand (hereafter referred to as the "ALIGN Mark").

A. **Atlassian's Unauthorized Incorporation of the Align Trademark into its Business**

12. Defendant Atlassian is among the largest companies in the world. By its own account, Atlassian and its related companies surpassed $2 billion in revenue in 2021, serving more than 200,000 customers. It is a major provider of team collaboration and project management software products and advertises such products widely across the globe, including of course in the United States.

13. In March 2019, Atlassian announced its acquisition of AgileCraft, which it described as a "leader in enabling scaled agile transformations."[1] In announcing this acquisition, Atlassian described AgileCraft's software as "bring[ing] together the teamwork happening across an organization into an all-encompassing view that connects strategy, work, and outcomes."[2]

14. Shortly thereafter, Atlassian announced it would re-brand AgileCraft as JIRA ALIGN, incorporating prominent use of ALIGN as part of its promotion of the software products and related services associated with its this new acquisition. At the time of the decision to re-brand AgileCraft to JIRA ALIGN, Atlassian was aware, or at a minimum should have been aware, of Align's own use of the ALIGN Mark on competing and closely related goods and services.

15. Atlassian has commenced use of the ALIGN Mark as part of advertising its goods and services, including, for example, its JIRA ALIGN software and services, as described at the website hosted at https://www.atlassian.com/software/jira/align. A quotation on Atlassian's website describes its Jira Align product as follows: "[W]e built Jira Align to enable organizations to adapt their strategy based on leading indicators, rapidly communicate why, and manage the resulting work in radically transparent ways."[3]

16. On or about June 19, 2019, Atlassian applied to register the JIRA ALIGN mark with the USPTO (U.S. Trademark App. No. 79/273,525). The JIRA ALIGN application published for Opposition on August 18, 2020. On December 16, 2020, Align timely opposed Atlassian's application to register JIRA ALIGN before the Trademark Trial and Appeal Board of the USPTO. That Opposition proceeding remains pending as of the date of this Complaint.

---

[1] "Atlassian To Acquire Agilecraft To Scale Agile To The Enterprise," Atlassian, March 18, 2019, *available at* https://www.atlassian.com/blog/announcements/introducing-agilecraft, last accessed August 2, 2022.
[2] *Id.*
[3] "Atlassian is a Leader in the 2022 Gartner Magic Quadrant for Enterprise Agile Planning Tools." https://www.atlassian.com/gartner

17. Thus, without Align's authorization or consent, Atlassian adopted and subsequently applied to register with the USPTO the confusingly similar JIRA ALIGN trademark in connection with its own competing software and related services. Atlassian also began use of ALIGN in connection with its competing products and services. Atlassian did so long after Align began using its ALIGN Mark, and despite Align's use of its mark in connection with competitive goods and services, and despite Align's repeated and continuous objections to Atlassian's conduct.

18. Upon learning of Atlassian's use of and plans to register JIRA ALIGN in connection with competing software, Align delivered a cease-and-desist letter to Atlassian, notifying the company of Align's longstanding prior use of, and superior existing rights in, the ALIGN Mark for closely related software goods and services: i.e., a scalable, goal-driven business management platform. Align further informed Atlassian that its use of the JIRA ALIGN mark in connection with a directly competitive product and services would be likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Atlassian and Align.

19. In raising these issues with Atlassian, Align pointed out that Atlassian's mark wholly incorporates Align's name and ALIGN mark, heightening the risk of consumer confusion. Align further objected to Atlassian's use of JIRA ALIGN, as it could be reasonably interpreted by consumers as indicating that Atlassian has acquired Align's software and integrated it into Atlassian's own JIRA family of products or related goods and services.

20. Since that time, the parties have continued to attempt to resolve this matter though correspondence and discussions between the parties' counsel and principals concerning Align's prior use of and existing rights in its ALIGN Mark, as well as its concerns that Atlassian's adoption of a mark wholly incorporating ALIGN for competing goods and services will lead consumers to

incorrectly believe that there is some association or connection between the companies. Despite Align's objections, Atlassian has chosen to continue its use of JIRA ALIGN unabated.

21.     On or about February 7, 2022, Atlassian applied to register the mark ATLASSIAN ALIGN with the USPTO (U.S. Trademark App. No. 97/255,836). As part of this application, Atlassian affirmed its intent to use the ATLASSIAN ALIGN mark in commerce in the United States in connection with computer software and related services.

22.     In so doing, Atlassian has confirmed that not only has it incorporated Align's ALIGN trademark into the JIRA ALIGN mark, but also that it intends to expand upon its usage of the ALIGN Mark in connection with its business. Atlassian's application to register ATLASSIAN ALIGN signals its intended expansion of the use of ALIGN as a trademark in connection with its business, which amplifies Align's concerns about Atlassian's intentions and plans for its use of ALIGN as a trademark, whether used together or separately from JIRA- or ATLASSIAN-.

### B.     The Effects of Defendants' Unlawful Activities

23.     Atlassian has created circumstances whereby relevant consumers are likely to be led to incorrectly believe that Atlassian and its ALIGN branded products and services are authorized by, sponsored by, or affiliated or connected with Align, its ALIGN Mark, and associated goods and services.

24.     Atlassian's unauthorized use of the ALIGN Mark is likely to confuse consumers in that it will lead consumers to incorrectly believe that Align is the source of, has endorsed or approved, or is somehow legitimately associated with Atlassian and its goods and services, thereby injuring the goodwill Align has built in its ALIGN Mark.

25.     Atlassian's unauthorized conduct has deprived and will continue to deprive Align of the ability to control the consumer perception of its goods and services provided in connection

with its ALIGN Mark, placing the valuable reputation and goodwill of Align in the hands of Atlassian, over whom Align has no control.

26. Atlassian's unauthorized conduct is likely to generate initial interest in the goods and services provided in connection with its ALIGN Mark, jeopardizing Align's ability to attract potential consumers through use of its ALIGN Mark.

27. In fact, Atlassian's unauthorized use of the ALIGN Mark has already led to confusion in the marketplace. In one instance, Align received misdirected messages followed by a call seeking technical support for software that Align determined during the course of a call to be Atlassian's software, not Align's. The caller was led to Align by Atlassian's prominent use of the ALIGN Mark in connection with the branding of its own software products, as shown below, depicting the navigation bar of Atlassian's JIRA software. As shown, the Atlassian product in question wholly incorporates the ALIGN Mark together with the term "OKR" (shorthand for "Objectives and Key Results"), as part of its branding:



Notably, Align offers an OKR version of its own software, as described at. https://aligntoday.com/okr-software. An individual searching for "Align OKR" using Google's search engine would encounter Align's products as a top search result, followed closely by Atlassian's advertisement for "Align OKR for Jira Cloud." *See* Exhibit A. Atlassian's incorporating of the ALIGN Mark into its offerings, together with the instance described above, demonstrate the potential for confusion, even among consumers already using Atlassian's products. Such confusion further serves as evidence of the similarities in Atlassian's product and service offerings to those of Align—to the point that a consumer could conceivably seek technical support from Align for Atlassian's own product. Atlassian's unauthorized and prominent use of the ALIGN Mark together with demonstrable potential for confusion underscore the need for Align to act to protect its rights in the ALIGN Mark.

28. In addition, since Atlassian adopted ALIGN in connection with competing goods and services, representatives of Align have fielded questions from consumers about the relationship between Atlassian and Align, and their respective software offerings, querying why it would be necessary to purchase Align's products if they are already offered by Atlassian. Such anecdotal evidence suggest broader marketplace confusion is occurring undetected on a regular basis.

29. Taking such instances into account, and considering Atlassian's use of a confusingly similar trademark in connection with services identical to those offered by Align under its federally registered ALIGN trademark, Align has no choice but to protect its rights in its ALIGN Mark through initiation of this action, or risk losing any ability to preserve its brand. This is particularly true given that Atlassian's dominant position in the market allows it to usurp the business identity of the comparatively smaller business, Align.

30. All of these facts render this matter an exceptional case.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

31. Align realleges and incorporates herein paragraphs 1 through 30 of this Complaint.

32. Atlassian's use of the ALIGN trademark as part of its JIRA ALIGN offerings is without Align's authorization or consent.

33. Atlassian's unauthorized use of the ALIGN trademark in connection with its promotion and provision of software goods and services focused on business management and collaborative communication, among other things, is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Atlassian and its goods and services with Align and its federally registered ALIGN Mark, in violation of 15 U.S.C. § 1114(1)(a).

34. Atlassian has been provided actual notice of Align's prior use of and rights in its ALIGN Mark, pursuant to U.S. Registration No. 6,234,390. Atlassian is willfully infringing in violation of the Lanham Act. Thus, the intentional nature of Atlassian's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

35. As a result of Atlassian's conduct, Align has suffered and will continue to suffer damage and irreparable harm to its ALIGN Mark, constituting an injury for which Align has no adequate remedy at law. Unless this Court enjoins Atlassian's conduct, Align will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

36. Align realleges and incorporates herein paragraphs 1 through 35 of this Complaint.

37. Atlassian's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Atlassian with Align, and as to the origin, sponsorship or approval of Atlassian and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

38. As a result of Atlassian's conduct, Align has suffered substantial damage and irreparable harm constituting an injury for which Align has no adequate remedy at law. Align will continue to suffer irreparable harm unless this Court enjoins Atlassian's conduct.

39. Atlassian's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection, or association of Atlassian's services with Align and its ALIGN Mark, and as to the origin, sponsorship, or approval of Atlassian and its services, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

40. Align realleges and incorporates herein paragraphs 1 through 39 of this Complaint.

41. Align is the owner of valid common law rights in its ALIGN Mark, which it has used continuously and in connection with the marketing, offering and sale of its core goods and services since long prior to Atlassian's adoption and first use of the confusingly similar JIRA ALIGN or any other mark incorporating the ALIGN Mark.

42. Atlassian's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Atlassian's services with Align and its ALIGN Mark, and as to the origin, sponsorship or approval of Atlassian and its services in violation of Texas common law.

43. Atlassian's unauthorized conduct also has deprived and will continue to deprive Align of the ability to control the consumer perception of the goods and services offered in connection with its ALIGN Mark, placing the valuable reputation and goodwill of Align in the hands of Atlassian, over whom Align has no control.

44. Because Atlassian has been provided actual notice of Align's prior use of and rights in its ALIGN Mark, Atlassian is willfully engaged in common law trademark infringement in violation of Texas common law.

45. As a result of Atlassian's conduct, Align is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Atlassian's conduct, Align will continue to suffer irreparable harm.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

46. Align realleges and incorporates herein paragraphs 1 through 45 of this Complaint.

47. Align is the owner of valid common law rights in the ALIGN Mark, which it has used continuously and in connection with the marketing, offering and sale of its goal tracking and communication software long prior to Atlassian's adoption and first use of the confusingly similar JIRA ALIGN mark in connection with overlapping and competing goods and services.

48. Atlassian's actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection or association of Atlassian's services with Align and its ALIGN Mark, and as to the origin, sponsorship or approval of Atlassian and its services in violation of Texas common law.

49. Atlassian's unauthorized conduct also has deprived and will continue to deprive Align of the ability to control the consumer perception of its goal tracking and communication

software and related services offered in connection with its ALIGN Mark placing the valuable reputation and goodwill of Align in the hands of Atlassian, over whom Align has no control.

50. As a result of Atlassian's conduct, Align is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Atlassian's conduct, Align will continue to suffer irreparable harm.

### COUNT V

### REFUSAL OF REGISTRATION

51. Align realleges and incorporates herein paragraphs 1 through 50 of this Complaint.

52. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of the JIRA ALIGN mark that is the subject of U.S. Trademark App. No. 79/273,525 and the ATLASSIAN ALIGN mark that is the subject of U.S. Trademark App. No. 97/255,836.

53. Each of these marks entirely subsumes Align's ALIGN Mark, and so resembles Aligns' ALIGN Mark as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

54. Align petitions the Court to issue an order certified to the Director of the USPTO refusing registration of Atlassian's applications to register "JIRA ALIGN" and "ATLASSIAN ALIGN" pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

### PRAYER FOR RELIEF

WHEREFORE, Align requests that this Court enter a judgment in its favor and against Atlassian as follows:

A. Declaring that Atlassian has infringed Align's ALIGN Mark and has engaged in unfair competition under 15 U.S.C. §§ 1114 and 1125; and has committed acts of unfair competition and trademark infringement in violation of Texas common law;

B. Permanently enjoining and restraining Atlassian, its agents, servants, employees and attorneys, and any other persons in active concert or participation with it from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting competing or closely related goods or services under or in connection with any trade name, trademark, service mark or internet domain name that is comprised in whole or in part of the term ALIGN, or any term confusingly similar to Align's ALIGN Mark; or

(2) doing any act or thing that is likely to induce the belief that Atlassian's goods, services, or activities are in some way connected with Align's business, or that is likely to injure or damage Align's name, marks or business; and

C. Requiring that Atlassian:

(1) reimburse Align for all damages they have suffered by reason of such acts, account for and pay over to Align all profits derived by reason of their acts of infringement, false designation of origin, and unfair competition;

(2) remit to Align exemplary, treble, damages as provided for in 15 U.S.C. § 1117 and at common law;

(3) deliver to Align for destruction all promotional materials, products, advertisements, signs, brochures, packages, menus, and other printed materials bearing the JIRA ALIGN, ATLASSIAN ALIGN mark or any other marks confusingly similar to Align's ALIGN Mark and all means for making the same that are in Atlassian's' possession or control within ten (10) days of the entry of the Order;

   (4)  reimburse Align for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

  D.  Order that the U.S. Patent and Trademark Office refuse registration to the applications to register the JIRA ALIGN mark that is the subject of U.S. Trademark App. No. 79/273,525 and the ATLASSIAN ALIGN mark that is the subject of U.S. Trademark App. No. 97/255,836.

  E.  Awarding Align such other and further relief as this Court deems just and proper.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Align demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Date: August 12, 2022    By: /s/ *Christopher M. Weimer*

            Christopher M. Weimer
            Texas Bar No. 24061894
            Giulio E. Yaquinto
            Texas Bar No. 24107292
            PIRKEY BARBER PLLC
            1801 East 6th Street, Suite 300
            Austin, Texas  78702
            (512) 322-5200
            (512) 322-5201 (facsimile)
            cweimer@pirkeybarber.com
            gyaquinto@pirkeybarber.com

            *Attorneys for Plaintiff, Align Technologies, Corp.*